UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:14-CV-229-TAV-HBG |
|  | ) |  |
| FIREMAN FIRE PROTECTION, INC., JAMES G. STONE III, ROBIN ALETRAS, and AUTO-OWNERS (MUTUAL) INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion to Dismiss [Doc. 18] filed by defendants Fireman Fire Protection, Inc. ("Fireman") and James G. Stone III ("Stone"). Defendants move the Court to decline to exercise jurisdiction over the "declaratory judgment action" filed by plaintiff State Automobile Mutual Insurance Company ("State Auto"), in which plaintiff claims that defendant Fireman, through defendant Stone, breached the terms of an insurance policy it held with plaintiff. Plaintiff has responded in opposition to defendants' motion [Doc. 21]. Defendants did not submit a reply brief but did submit two notices of supplemental authority [Docs. 23, 24]. For the reasons that follow, the Court will deny defendants' motion.

## I. Background

Plaintiff filed this action on May 29, 2014 [Doc. 1]. According to the complaint, plaintiff was the insurer of a house and buildings owned and occupied by defendants Fireman and Stone when the buildings were destroyed by a fire on or about August 3, 2013 [*Id.* at p. 2–3]. Defendant Fireman is a business that used the insured properties in connection with its operation of a school to teach students how to recharge fire extinguishers, sell pre-engineered fire suppression systems, and clean kitchen exhaust hoods [*Id.* at 2]. Defendant Stone is the president of defendant Fireman, and he used the insured properties as a residence [*Id.*].

About two to three weeks prior to the fire, defendant Robin Aletras ("Aletras") joined defendants Fireman and Stone as an occupant of the insured properties [*Id.*]. Defendant Aletras used the properties as a residence and as a place to operate a woodworking business [*Id.*]. He held an insurance policy with defendant Auto-Owners Mutual Insurance Company ("Auto-Owners"), which allegedly provided him with liability coverage and also insured some of the same property covered by defendant Fireman's policy with plaintiff [*Id.*].

Plaintiff alleges that in the early morning hours of August 3, 2013, defendant Aletras started a fire in his woodworking shop by dumping sawdust in and around an open flame [*Id.*]. Defendant Aletras then allegedly failed to call the fire department until thirty to forty-five minutes after the start of the fire, when a passing motorist observed him nearby [*Id.* at 2–3].

2

On October 23, 2013, defendant Fireman submitted a sworn proof of loss statement to plaintiff in the amount of $1,030,031.00 for damage caused by the fire [*Id.* at 3]. Plaintiff alleges that it advanced $20,000.00 to defendant Fireman pending investigation of the fire, and that it "is obligated to pay the mortgagee listed on the insurance policy, JP Morgan Chase Bank ISAOA/ATIMA, for the damage to the dwelling or the amount owing under the policy" [*Id.*]. Plaintiff further alleges that during its investigation of the fire, it uncovered evidence that defendant Stone previously received insurance proceeds under another policy for losses caused by defendant Aletras [*Id.* at 3–4]. And plaintiff alleges that in 2009, defendant Stone recovered damages under an insurance policy as a result of a "mysterious total loss fire" [*Id.* at 4]. Plaintiff denied defendant Fireman's claim on May 29, 2014 [*id.* at 5], the same date that plaintiff filed its complaint.

Plaintiff claims that it is not liable to defendant Fireman under the insurance policy because defendant Aletras intentionally started the fire, and defendants Fireman and Stone materially misrepresented its circumstances [*Id.* at 3–5]. Alternatively, plaintiff claims that defendant Aletras acted negligently in starting the fire [*Id.* at 5]. Plaintiff seeks a declaration of the rights and duties of the parties under its insurance policy with defendant Fireman, and a declaration of the rights and duties of defendant Auto-Owners regarding defendant Auto-Owners' obligations to pay proceeds as a result of the fire under its policy with defendant Aletras [*Id.* at 5–6]. Plaintiff also seeks damages against defendants Fireman, Stone, and Aletras to recover "the amount paid to

3

the mortgagee under the policy," and the amounts advanced under the policy, plus interest and costs [*id.* at 6]; or in the alternative, a judgment against defendant Aletras for the amount that plaintiff is obligated to pay its insured under its policy with defendant Fireman, and an order of indemnification against defendant Auto-Owners [*Id*].

On July 30, 2014, defendants Fireman and Stone filed a complaint in the Sevier County, Tennessee, Circuit Court against plaintiff State Auto and defendant Aletras [Doc. 19-1 p. 2]. Joining defendants Fireman and Stone in bringing the state action were James Stone Jr. and Betty Stone, who were alleged co-owners of the insured properties [*Id.* at p. 3]. The state court action makes a claim for damages against plaintiff State Auto for breach of contract, including punitive damages for an intentional, fraudulent, malicious, or reckless breach [*Id.* at p. 5–6]. The state court action also makes a claim for damages against defendant Aletras for negligence [*Id.* at p. 6–7]. At the time that defendants Fireman and Stone filed their motion to dismiss in this case, the state court action was ongoing [Doc. 19 p. 2].

## II. Standard of Review

Federal courts are courts of limited jurisdiction, and therefore, may only hear cases over which they have subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction my fail on the face of the pleadings or it may fail in fact. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) ("Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.").

The standard of review for determining whether a pleading has sufficiently established jurisdiction on its face is akin to the standard of review for a motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Accordingly, in analyzing whether a pleading establishes jurisdiction on its face, the Court takes the material allegations of the pleading as true and construes them in the light most favorable to plaintiff. *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014) (citing *Ritchie*, 15 F.3d at 598)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564–70 (2007).

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

**III. Analysis**

In support of their argument that the Court should decline to exercise jurisdiction over this case, defendants set forth and analyze the five *Grand Trunk* factors that courts in this circuit consider when determining whether it would be appropriate to entertain a declaratory judgment action [Doc. 19]. *Allstate v. Mercier*, 913 F.2d 273, 277 (6th Cir.

5

1990) (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)), *abrogated on other grounds by Wilton*, 515 U.S. at 289–90; *see Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554–63 (6th Cir. 2008) (discussing the factors in depth). Plaintiff argues that the Court should not decline to exercise jurisdiction, because plaintiff seeks damages in addition to declaratory relief [Doc. 21 p. 3]. Plaintiff also argues that the *Grand Trunk* factors counsel for the Court to exercise jurisdiction [Doc. 21 p. 3–9].

"The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 399 U.S. 667, 671–72 (1950)). Therefore, a federal court "must have jurisdiction already" before invoking the Act. *Id.* (citing *King v. Sloane*, 545 F.2d 7, 8 (6th Cir. 1976)). Defendants do not dispute plaintiff's assertion in its complaint that this case is properly before the Court pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332.

Plaintiff's complaint makes claims for declaratory relief and damages. The damages include $20,000 that plaintiff allegedly advanced to defendant Fireman, and the amount of money that plaintiff "paid to the mortgagee under the policy" [Doc. 1 p. 3, 6]. Diversity jurisdiction, once established, brings all properly pleaded claims within a federal court's subject matter jurisdiction. *See Klepper v. First Am. Bank*, 916 F.2d 337, 340–41 (6th Cir. 1990) (explaining that dismissal on the merits of claims that originally established diversity jurisdiction did not destroy the district court's subject matter jurisdiction over additionally pleaded claims that could not independently establish

6

diversity jurisdiction). Therefore, the Court's subject matter jurisdiction extends to all of plaintiff's claims.

Federal courts have a "virtually unflagging obligation" to exercise jurisdiction over claims for relief that are not declaratory in nature. *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976); *see Wilton*, 515 U.S. at 288 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration"). When a plaintiff seeks relief in addition to declaratory relief, such as damages or injunctive relief, the discretion given to a federal district court under the Declaratory Judgment Act does not, by itself, supply a sufficient ground for dismissal. *Adrian Energy Assoc. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 422 (6th Cir. 2007). Thus, a federal court should decline to exercise jurisdiction over such a case only if abstention is appropriate. *See id.* at 422–23 ("[A]bstention provides the preferable ground on which to decline reaching the merits of the case at this time.").

Here, defendants have not identified any extraordinary circumstance that would counsel for abstention. *Sprint Comm., Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("Abstention is not in order simply because a pending state-court proceeding involves the same subject matter."). Therefore, outright dismissal of this case is not appropriate.

Additionally, it would not be appropriate to dismiss plaintiff's claims for declaratory relief while proceeding on its claims for damages. The two sets of claims are closely intertwined. For example, in order to determine whether plaintiff is entitled to a

7

judgment against defendants Fireman, Stone, and Aletras in the amount that it paid to the mortgagee listed in the insurance policy with defendant Fireman, the Court may be required to pass judgment on the facts and circumstances of the fire. Similarly, in order to resolve whether plaintiff is entitled to recover the $20,000 it allegedly advanced to defendant Fireman, the Court may be required to determine whether defendant Fireman breached the policy. These determinations would substantially resolve the relevant rights and duties of the parties, which plaintiff asks the Court to declare. Therefore, plaintiff's claims for relief "are so closely intertwined that judicial economy counsels against dismissing the claims for declaratory judgment relief while adjudicating the claims for [damages]." *Adrian*, 481 F.3d at 422.

Accordingly, the Court will exercise jurisdiction over all of plaintiff's claims. *See, e.g.*, *Grizzly Processing, LLC v. Wausau Underwriters Ins. Co.*, 2010 WL 881920, at *3 (E.D. Ky. Mar. 8, 2010) (concluding that remand to state court was not appropriate in a case involving claims for declaratory relief and damages, because the claims were "'closely intertwined'" (quoting *Adrian*, 481 F.3d at 422–23)); *Emp'rs Mut. Cas. Co. v. Reilly Plating Co.*, 2008 WL 4757315, at *5 (E.D. Mich. Oct. 29, 2008) (explaining that even though the *Grand Trunk* factors "decidedly favor[ed] abstention" from a declaratory judgment action, the court would exercise jurisdiction because a counterclaim for damages had been filed); *Farris v. State Farm Ins. Co.*, 617 F. Supp. 2d 654, 659 (N.D. Ohio 2008) (concluding that the court should exercise jurisdiction over an action that sought declaratory relief and damages).

8

## IV. Conclusion

For these reasons, defendants' Motion to Dismiss [Doc. 18] is **DENIED**.

IT IS SO ORDERED.

                               s/ Thomas A. Varlan
                               CHIEF UNITED STATES DISTRICT JUDGE