UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:14-CV-229-TAV-HBG |
| FIREMAN FIRE PROTECTION, INC., JAMES G. STONE III, ROBIN ALETRAS, and AUTO-OWNERS (MUTUAL) INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| FIREMAN FIRE PROTECTION, INC. and JAMES G. STONE III, JAMES G. STONE, JR., and BETTY STONE, | ) ) ) ) ) | |
| Counter/Cross-Plaintiffs/ Intervening Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY and ROBIN ALETRAS, | ) ) ) ) | |
| Counter/Cross-Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant Auto-Owners Mutual Insurance Company's ("Auto-Owners") Motion for Summary Judgment [Doc. 62] and

counter/cross-defendant State Automobile Mutual Insurance Company's ("State Auto") Motion for Summary Judgment as to Counter Claim Brought by Fireman Fire Protection, Inc. and James G. Stone III [Doc. 66]. No responses were filed in opposition to these motions, and the time for doing so has elapsed. *See* E.D. Tenn. L.R. 7.2. For the reasons discussed herein, the Court will grant Auto-Owners's Motion for Summary Judgment and State Auto's Motion for Summary Judgment as to the counterclaim.

I.  **Background**[1]

Defendant–counter/cross-plaintiff, James G. Stone III ("Stone"), owned property in Sevier County, Tennessee, which is the subject of the current lawsuit ("the property") [Doc. 69 p. 2]. Stone is the sole owner and shareholder of defendant–counter/cross-plaintiff Fireman Fire Protection, Inc. ("Fireman") [Doc. 63 p. 2; Doc. 69 p. 2].

State Auto issued a policy of commercial property insurance to Fireman, with regard to the property ("the State Auto policy") [Doc. 69 p. 2]. The State Auto policy included the following provision:

> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: (1) This Coverage Part; (2) The Covered Property; (3) Your interest in the Covered Property; or (4) A claim under this Coverage Part [Doc. 69-1 p. 99].

It also stated, "We will not pay for loss or damage caused by or resulting from . . . [d]ishonest or criminal act by you, any of your partners, members, officers,

---

[1] Because State Auto did not respond to Auto-Owners's motion, and Fireman and Stone did not respond to State Auto's motion, the Court will take the facts presented by Auto-Owners and State Auto in their respective motions as true. *See* Fed. R. Civ. P. 56(e).

2

managers, employees . . . , directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose[,] . . . [a]cting alone or in collusion with others" [*Id.* at 116–17].

Defendant–counter/cross-defendant Robin Aletras ("Aletras") also lived in the property owned by Stone and operated a wood-working business out of the building's basement [Doc. 63 p. 2; Doc. 69 p. 2]. Auto-Owners issued a policy of property and liability insurance to Aletras ("the Auto-Owners policy") [Doc. 63 p. 2; Doc. 63-1]. Similar to the State Auto policy, the Auto-Owners policy excluded coverage for intentional or criminal acts. Specifically, the Auto-Owners policy contained the following language: "We will not pay for loss or damage caused by or resulting from . . . [d]ishonest or criminal act by you[,] . . . [a]cting alone or in collusion with others" [Doc. 63-1 p. 34]. Furthermore, the policy stated, "This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: [t]he covered property; [or a] claim under this Coverage Part" [*Id.* at 41]. The policy also excluded "bodily injury or property damage expected or intended from the standpoint of the insured" [*Id.* at 58]. Finally, the policy stated, "No person or organization has a right under this Coverage Part . . . [t]o join us as a party or otherwise bring us into a 'suit' asking for damages from an insured" [*Id.* at 70].

A fire occurred at the property on August 3, 2013 [Doc. 69 p. 2], while Aletras was working in the basement and Stone was out of town [Doc. 63 p. 2; Doc. 69 p. 2].

3

Aletras initially asserted that he accidentally got dust into the pilot light of the gas hot-water heater, which caused the fire [Doc. 63 p. 2]. Fireman made a claim for coverage against State Auto for the loss, and State Auto denied the claim [*Id.*].

State Auto brought the current suit on May 9, 2014 [Doc. 1], stating claims against Fireman, Stone, Aletras, and Auto-Owners, seeking monetary damages and a declaratory judgment of the rights and duties of the parties under the insurance policies [*Id.* ¶¶ 1–2]. Specifically, State Auto asks to the Court to enter an order declaring that its coverage does not apply because Aletras intentionally set the fire, with the direction and knowledge of Stone, that they committed fraud in misrepresenting the circumstances surrounding the fire, and that they materially breached the State Auto policy [*Id.* ¶¶ 11–12; Doc. 68 pp. 2–3]. If Aletras did not intentionally burn the property, according to State Auto, then State Auto is entitled to indemnification from Auto-Owners for any amount it is obligated to pay Fireman under the State Auto policy [Doc. 1 ¶ 14]. Stone and Fireman filed a counterclaim against State Auto on April 1, 2015 [Doc. 27], alleging that State Auto breached the policy by not paying on Fireman's claim stemming from the fire on August 3, 2013.

On September 14, 2015, the grand jury for Sevier County returned a true bill indictment against Stone and Aletras, including multiple charges arising from the fire on August 3 [Doc. 63 pp. 2–3; Doc. 69 p. 4]. These charges consisted of three counts of insurance fraud, two counts of conspiracy to commit insurance fraud, two counts of arson, and two counts of conspiracy to commit arson [Doc. 63-2; Doc. 69-2]. Aletras

4

entered a guilty plea as to the offenses of arson, insurance fraud, conspiracy to commit arson, and conspiracy to commit insurance fraud on October 6, 2015 [Docs. 63-3, 63-4; 69-3], and Stone entered a guilty plea as to the same offenses on May 16, 2016 [Doc. 69-4].

State Auto and Auto-Owners now move for summary judgment, pursuant to Federal Rule of Civil Procedure 56 [Docs. 62, 66]. Specifically, Auto-Owners asks that the Court declare that it has no duty to defend Aletras and no duty to indemnify Aletras or State Auto in this action [Doc. 62 p. 2], and State Auto requests that this Court dismiss Stone and Fireman's counterclaim against it [Doc. 66 p. 3].

## II. Summary Judgment Standard of Review

Summary judgment under Rule 56 is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

Yet, "[o]nce the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423

5

(E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence, determine the truth of the matter, or search the record "to establish that it is bereft of a genuine issue of material fact." *Id.* at 249; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. Analysis

Here, Auto-Owners moves the Court for summary judgment as to State Auto's claims against it and thereby requests that the Court determine that Auto-Owners has no duty to pay proceeds under the policy it issued to Aletras as a result of the fire on August 3. State Auto moves for summary judgment on Fireman and Stone's counterclaim brought against it for breach of the State Auto policy.

Under Tennessee law, "[t]he question of the extent of insurance coverage is a question of law involving the interpretation of contractual language[.]" *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 441 (Tenn. 2012). "Insurance contracts are 'subject to the same rules of construction as contracts generally,' and in the absence of fraud or mistake, the contractual terms 'should be given their plain and ordinary meaning, for the primary rule of contract interpretation is to ascertain and give effect to the intent of the parties.'" *Id.* (quoting *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386–87 (Tenn. 2009)). As the Sixth Circuit has noted, "If the language is clear and unambiguous, the literal meaning controls the outcome of the dispute." *Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co.*, 499 F. App'x 559, 562 (6th Cir. 2012).

Insurance policies should be construed "as a whole in a reasonable and logical manner," and language "should be examined in the context of the entire agreement." *Garrison v. Bickford*, 377 S.W.3d 659, 664 (Tenn. 2012) (citations and internal quotation marks omitted). "The essential components of a general liability insurance policy include (1) the declarations, (2) the insuring agreements and definitions, (3) the exclusions, (4) the conditions, and (5) the endorsements." *Standard Fire Ins. Co. v. Chester O'Donley & Assocs., Inc.*, 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998).

In the case at hand, the State Auto policy and the Auto-Owners policy both clearly and unambiguously exclude coverage for dishonest or criminal acts by the insured party, or by any of the insured's partners, members, officers, managers, employees, directors,

trustees, authorized representatives, or anyone to whom the insured entrusted the property for any purpose [Doc. 63-1 p. 34; Doc. 69-1 pp. 116–17]. The policies also state that they are void in any case of fraud, intentional concealment, or intentional misrepresentation of a material fact concerning a claim under the policies [Doc. 63-1 p. 41; Doc. 69-1 p. 99]. When given their plain and ordinary meaning, these provisions demonstrate the parties' intention to exclude such acts from the policies' coverage.

Both Stone—whose company, Fireman, obtained coverage of the property from State Auto—and Aletras, who is the insured party in the Auto-Owners policy, have pleaded guilty to arson, conspiracy to commit arson, insurance fraud, and conspiracy to commit insurance fraud in connection with the fire on August 3, 2013 [Docs. 63-3, 63-4, 69-4]. Thus, based on Stone and Aletras's guilty pleas, there is neither a factual dispute that the two men conspired to intentionally burn down the property and to file a fraudulent claim with State Auto, nor any dispute that they did, in fact, accomplish these goals.

Consequently, based on the State Auto policy's clear exclusions, its coverage of the property was voided by Fireman's fraud and misrepresentation of a material fact in its coverage claim made by Stone, Fireman's sole member [Doc. 69-1 p. 99]. Furthermore, the Court finds that State Auto did not breach its agreement with Fireman by refusing to pay for loss or damage resulting from the fire on August 3, due to Stone and Aletras's dishonest and criminal acts [*Id.* at 116–17]. As to the Auto-Owners policy, the Court also finds that—under the clear terms of the policy—Auto-Owners has no legal obligation to

8

defend Aletras or to indemnify either Aletras or State Auto for damage from the fire on August 3, due to Aletras and Stone's intentional, criminal, and dishonest conduct [Doc. 63-1 pp. 34, 68].

Thus, as a matter of law, State Auto did not breach its agreement with Fireman by refusing to honor Firearm's claim, and, accordingly, there is no genuine dispute of any material fact as to Stone and Fireman's counterclaim against State Auto for breach of contract. Furthermore, the Court finds that Auto-Owners has no duty to defend Aletras or to indemnify Aletras or State Auto, according to the terms of the Auto-Owners policy, and Auto-Owners is, therefore, entitled to summary judgment.

## IV. Conclusion

Thus, for the reasons stated herein, the Court hereby **GRANTS** Auto-Owners's Motion for Summary Judgment [Doc. 62] and **GRANTS** State Auto's Motion for Summary Judgment as to Counter Claim Brought by Fireman Fire Protection, Inc. and James G. Stone III [Doc. 66].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE