UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:14-CV-229-TAV-HBG |
| FIREMAN FIRE PROTECTION, INC., JAMES G. STONE III, ROBIN ALETRAS, and AUTO-OWNERS (MUTUAL) INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| and | ) ) | |
| FIREMAN FIRE PROTECTION, INC. and JAMES G. STONE III, JAMES G. STONE, JR., and BETTY STONE, | ) ) ) ) ) ) | |
| Counter/Cross-Plaintiffs/ Intervening Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY and ROBIN ALETRAS, | ) ) ) ) ) | |
| Counter/Cross-Defendants. | ) | |

**MEMORANDUM OPINION**

This civil case is before the Court on plaintiff's Motion for Voluntary Dismissal of

State Automobile Mutual Insurance Company's Cause of Action Against Fireman Fire

Protection, Inc., James G. Stone, III and Robin Aletras Pursuant to F.R.C.P. 41(a)(2) [Doc. 73]. Defendants did not respond, and the time to do so has passed. E.D. Tenn. L.R. 7.2.

Federal Rule of Civil Procedure 41(a)(2) provides that any action may be dismissed at the plaintiff's request by court order, on terms that the Court considers proper. Upon review of Rule 41 and the record in this case, and in light of the lack of opposition from defendants, the Court will grant plaintiff's Motion for Voluntary Dismissal [Doc. 73] and will dismiss without prejudice plaintiff's claims against defendants Fireman Fire Protection, Inc. ("Fireman"), James G. Stone, III ("Stone III"), and Robin Aletras ("Aletras") pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

The only claims remaining are intervening plaintiffs James G. Stone, Jr. and Betty R. Stone's cause of action against Aletras [Doc. 31] and defendants Fireman and Stone III's cross-claims against Aletras [Doc. 27 pp. 9–10]. For the following reasons, the Court will *sua sponte* dismiss these claims for lack of subject matter jurisdiction.

"Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and may be raised by the Court *sua sponte* at any stage in the proceedings. *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction."); *Shultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008); *Ford v.*

*Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994) (noting that subject matter jurisdiction is an issue that "may be raised at any time, by any party or even *sua sponte* by the court itself" (quotation omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A federal court has original subject matter jurisdiction over two types of actions. The first type involves those actions raising a federal question. 28 U.S.C. § 1331. The second type involves those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. 28 U.S.C. § 1332. Generally, "[d]iversity jurisdiction in the district court requires complete diversity, *i.e.*, none of the defendants can be citizens of the same state as any of the plaintiffs." *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (citation omitted). Federal courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

The Court has reviewed the intervening plaintiffs' claims, and defendants Stone III and Fireman's cross-claims against Aletras, and it does not appear that there is complete diversity of citizenship among the parties as to these claims, seeing as all relevant parties are citizens of Tennessee. Thus, the Court does not possess subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332. Furthermore, the remaining claims consist of negligence causes of action against Aletras, so the Court does not have federal question jurisdiction over these claims. 28 U.S.C. § 1331.

With regard to the Court's potential supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). As discussed herein, the Court will dismiss the only claims over which it has original jurisdiction in this case based on plaintiff's motion for voluntary dismissal, and the Court declines to exercise supplemental jurisdiction over the intervening plaintiff's claims against Aletras, as well as over Fireman and Stone III's cross-claims. Accordingly, the Court will dismiss these claims.

Thus, in sum, the Court will **GRANT** plaintiff's Motion for Voluntary Dismissal [Doc. 73] and will **DISMISS without prejudice** plaintiff's claims against defendants Fireman, Stone III, and Aletras, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Further, the Court will **DISMISS** intervening plaintiffs' Complaint [Doc. 31] and defendants Fireman and Stone III's cross-claims against Aletras [Doc. 27 pp. 9–10]. There being no other issues remaining, the Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE